IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSHUA E. SMITH )
)
v. ) NO. 3:14-2003
)
STATE OF TENNESSEE , et al. )

TO: Honorable Todd J. Campbell, District Judge

**R E P O R T   A N D   R E C O M E N D A T I O N**

By Order entered December 10, 2014 (Docket Entry No. 7), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 18) filed by Defendant Derry Baltimore,[1] to which Plaintiff has responded in opposition (Docket Entry Nos. 27 and 32). Also before the Court is Defendant's reply (Docket Entry No. 33) and what the Court construes as Plaintiff's sur-rely (Docket Entry No. 34). For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

---

[1] Although this Defendant is identified in the Complaint as Darry Baltimore, his correct name is Derry Baltimore.

# I. BACKGROUND

Plaintiff brought this action pro se and in forma pauperis on October 20, 2014, seeking damages under 42 U.S.C. § 1983 and state law. Plaintiff asserts that, on May 19, 2012, Javon Ransom was shot and taken to a hospital by a friend. At some point after the shooting, Metro Davidson County Police Department Officer Derry Baltimore and Jason Korener stopped Plaintiff while he was crossing the street in the vicinity of where the shooting occurred, took him into custody, and drove him to the hospital where Mr. Ransom was receiving treatment. See Complaint (Docket Entry No. 1) at 3-4. Mr. Ransom was brought out of the hospital and identified Plaintiff, who was seated in a police car at the time, as the person who shot him. Id. Officer Baltimore then appeared before a judicial commissioner on May 24, 2012, who found probable cause to arrest Plaintiff on the charge of aggravated robbery and set bail for Plaintiff. See Docket Entry No. 18-2.[2] A hearing before the Davidson County General Sessions Court was held on June 4, 2012, at which time the state court judge found probable cause that an offense was committed and that Plaintiff should be held to answer at trial. See Docket Entry No. 18-4. Plaintiff was subsequently indicted by the Davidson County Grand Jury on August 13, 2012, for this charge and another charge. See Docket Entry No. 18-5. Plaintiff was not able to post a bond for his bail and was held as a pre-trial detainee until September 25, 2014, when he was found not guilty of the charges after a jury trial. See Docket Entry No. 18-6.

Plaintiff alleges that he was stopped and arrested simply because he was black and happened to be crossing the street near the shooting scene. He contends that Officers Baltimore and Korener did not have probable cause to stop and arrest him because both officers knew he did not fit the shooter's

---

[2] Although Plaintiff alleges that his arrest and the shooting of Mr. Ransom occurred on May 19, 2012, it is clear from the state court criminal records that these events occurred on May 24, 2012, and that a second victim was also involved in the events. See Docket Entry Nos. 18-1 and 18-2.

description that they had received over the police radio. He further contends that his identification was suspect because, at the time of his identification, he was seated in the back of a police car with only his head visible, was surrounded by police officers, and was 10-15 feet away from Mr. Ransom. Plaintiff alleges that Mr. Ransom knew or should have known that he could not positively identify his shooter because Mr. Ransom admitted during the preliminary hearing that he had not been able to get a good look at the shooter's face and, thus, he recklessly or negligently identified Plaintiff at the hospital as the shooter. Plaintiff also contends that Mr. Ransom lied under oath and committed perjury in the court proceedings related to the incident. See Complaint, at 6.

Upon initial review under 28 U.S.C. § 1915(e)(2), the Court found that Plaintiff stated a colorable Fourth Amendment claim for false arrest under Section 1983 against Defendants Baltimore and Korener in only their individual capacities, colorable state law claims for false arrest or imprisonment and malicious prosecution against Defendants Baltimore and Korener in both their individual and official capacities, and a colorable state law claim for defamation against Defendant Ransom based upon his alleged erroneous identification of Plaintiff at the hospital. See Memorandum (Docket Entry No. 6). The Court dismissed from the action the State of Tennessee, the Metro Police Department South Precinct, and the General Sessions Court, as well as claims brought under Section 1983 against Defendant Ransom and against Defendants Baltimore and Korener in their official capacities. Id.

Service of process was issued to the three Defendants on February 6, 2015, see Docket Entry No. 10, but was returned unexecuted for Defendant Korener, see Docket Entry No. 15, and was not

3

returned for Defendant Ransom. Neither of these two Defendants has appeared or responded to the Complaint.[3]

In lieu of an answer, Defendant Baltimore filed the pending motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Baltimore contends that Plaintiff fails to state a claim for false arrest because the Complaint does not contain sufficient allegations that Baltimore arrested or prosecuted Plaintiff and also fails to state official capacity claims under state law because the Complaint does not contain allegations that a custom or policy of the Metropolitan Government caused his arrest or prosecution. Defendant Baltimore further argues that Plaintiff is collaterally estopped from relitigating the issue of probable cause because of the findings of probable cause made in the state courts. Defendant Baltimore also raises a statute of limitations defense to the false arrest claim, an absolute testimonial immunity defense to the extent that any claim is based upon Defendant Baltimore's testimony to the grand jury, and a qualified immunity defense to the false arrest claim. With respect to his Rule 12(b)(5) defense, Defendant Baltimore contends that he has not been properly served as to the individual capacity claims. Finally, Defendant Baltimore argues that, upon the dismissal of the federal claim brought under Section 1983, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. In support of his Motion, Defendant Baltimore relies on several public records created as part of the criminal prosecution of Plaintiff: the arrest warrants (Docket Entry Nos. 18-1 and 18-2), the General Sessions Court orders (Docket Entry Nos. 18-3 and 18-4), the returned indictment from the grand jury (Docket

---

[3] Regardless of dismissal of this action on other grounds, dismissal of Defendants Korener and Ransom is also warranted because they have not been served with process within 120 days of the Order directing that process issue as required by Rule 4(m) of the Federal Rules of Civil Procedure.

Entry No. 18-5), the Criminal Court Judgments (Docket Entry No. 18-6), and the audio recording of the General Sessions hearing (Docket Entry No. 25).

In his response, Plaintiff argues the merits of his claims and sets out various factual reasons for why be contends that probable cause did not exist for his arrest. See Docket Entry Nos. 27 and 32. He argues that he was falsely accused of a crime for which he was ultimately acquitted and that he should be compensated for the alleged violation of his civil rights. Id. Plaintiff further contends that immunity should not apply to any testimony given in the state court proceedings, and that he was prohibited from filing his lawsuit until a judgment was rendered in his criminal case. See Docket Entry No. 34.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the Plaintiff's favor, and construe the complaint liberally in favor of the pro se Plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the Plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000). Further, the allegations of a complaint may not be implicitly amended by adding factual allegations as a part of a response in opposition to a motion to dismiss. See Orea Energy Group, LLC v. East Tennessee Consultants, Inc., 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009) ("[T]hese allegations are nowhere to be found in the complaint. They are present only in plaintiff's briefing, and it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Although the Court is normally required to convert a motion to dismiss into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure when matters outside the pleadings are considered, the Court may appropriately take judicial notice of other court proceedings that are matters of public record. See Buck v. Thomas M. Cooley Law School, 597 F.3d 812, 816 (6th Cir. 2010); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). Thus, the Court may consider the documents from Plaintiff's state criminal proceedings that have been filed by Defendant in support of the motion to dismiss. See Settles v. McKinney, 2013 WL 5346503, *1 (W.D. Ky. Sept. 23, 2013) (court took judicial notice of indictment and criminal judgment).

## III. CONCLUSIONS

A. False Arrest Claim under Section 1983

42 U.S.C. § 1983 provides a civil remedy to vindicate the violation of an individual's federal constitutional rights. Graham v. Connor, 490 U.S. 386, 393–394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). To state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732-33, 56 L.Ed.2d 185 (1978); Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003).

Like any civil claim, a claim under Section 1983 is subject to a statute of limitations that requires the claim to be brought within a certain time period. Congress did not establish a limitations period for civil rights actions under 42 U.S.C. § 1983; therefore, federal courts look to analogous state statutes of limitations to determine the applicable statute of limitations. See Wilson v. Garcia, 471 U.S. 262, 268-71, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Southerland v. Hardaway Mgmt. Co., Inc., 41 F.3d 250, 253 (6th Cir. 1995). For Section 1983 actions, federal courts apply the personal injury statute of limitations which would apply under state law. See Wilson, 471 U.S. at 280; Eidson v. State of Tennessee Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). The statute of limitations for personal injury claims arising in Tennessee and brought under federal civil rights statutes is one year. See Tenn. Code Ann. § 28-3-104(a)(3); Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005); Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir. 1997); Jackson v. Richards Med. Co., 961 F.2d 575, 578 (6th Cir. 1992).

Although the duration of the applicable statute of limitations for Section 1983 claims is governed by state law, the question of when the statute of limitations begins to run is determined by

federal law.  See Wilson, 471 U.S. at 268-71; Eidson, 510 F.3d at 635; Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1986).  Generally, a limitations period begins to run when Plaintiff knew or should have known of the injury that forms the basis of the claim.  Ruff v. Runyon, 258 F.3d 498, 500 (6th Cir. 2001).  A Fourth Amendment claim for false arrest accrues at the time of the arrest or, if the arrest is followed by criminal proceedings, no later than the first judicial proceeding subsequent to arrest.  See Wallace v. Kato, 549 U.S. 384, 388-91, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); Fox v. Desoto, 489 F.3d 227, 233 (6th Cir. 2007).  Accrual of this type of claim does not depend upon the termination of criminal charges in favor of a plaintiff but begins at the time when a plaintiff becomes "detained pursuant to the legal process," Wallace, 549 U.S. at 397, which the Supreme Court has held occurs when a plaintiff is "bound over by a magistrate or arraigned on charges." Id. at 389.

On May 24, 2012, Plaintiff was arrested and brought before a judicial commissioner who made an initial determination that probable cause existed to arrest Plaintiff.  A preliminary hearing subsequently occurred on June 4, 2012, at which time a state judge found that probable cause existed for criminal charges.  Under Wallace, Plaintiff's claim for false arrest accrued on June 4, 2012, at the latest, when he appeared for a judicial proceeding subsequent to his arrest.  The one year statute of limitations began to run at that time.

Because Plaintiff did not file the instant action until October 2014, more than one year after his claim accrued, his Section 1983 claim for false arrest must be dismissed as untimely filed.  Although Plaintiff argues that he could not file suit on this claim until a judgment was entered in the criminal prosecution brought against him, his argument is simply incorrect.  The Supreme Court expressly rejected this argument in Wallace and held that the applicable statute of limitations period for a false arrest claim runs throughout the pendency of any criminal proceedings related to the arrest.

Wallace, 549 U.S. at 334–95. Under Wallace, a Section 1983 plaintiff bringing suit for an alleged false arrest must file within the applicable limitations period even if criminal charges are as yet unresolved. Id. at 393-94; Fox, 489 F.3d at 235. The statute of limitations defense completely resolves and requires dismissal of Plaintiff's Section 1983 claim without regard to the other defenses raised by Defendant.

B. Malicious Prosecution Claim under Section 1983

Although not specifically brought by Plaintiff as a separate claim, his allegations can be liberally construed to assert a federal malicious prosecution claim. For the sake of completeness, the Court briefly addresses such a claim.

The Sixth Circuit recognizes a constitutionally cognizable claim of malicious prosecution under the Fourth Amendment which "encompasses wrongful investigation, prosecution, conviction, and incarceration." Barnes v. Wright, 449 F.3d 709, 715-16 (6th Cir. 2006). As the Supreme Court has noted, a claim of malicious prosecution is "entirely distinct" from that of false arrest and provides a remedy for the deprivation of liberty that occurs pursuant to the legal process subsequent to a plaintiff's arrest. Wallace, 549 U.S. at 390.

The statute of limitations does not require dismissal of a malicious prosecution claim because such a claim could not have been brought until the criminal proceedings were resolved in Plaintiff's favor. See Fox, 489 F.3d at 235; Sykes v. Anderson, 625 F.3d 294, 309 (6th Cir. 2010). However, a malicious prosecution claim is nonetheless subject to dismissal because probable cause was found at the judicial commissioner's initial review, after the preliminary hearing, and by the grand jury. See Fox, 489 F.3d at 237. Although Plaintiff alleges that Mr. Ransom falsely identified Plaintiff as the

9

perpetrator of the crimes, a law enforcement officer is entitled to rely on an eyewitness identification to establish adequate probable cause with which to sustain an arrest. Ahlers v. Schebil, 188 F.3d 365, 370 (6th Cir. 1999). Plaintiff does not allege in his Complaint that Defendant Baltimore manufactured false evidence or provided false testimony and, thus, the repeated findings of probable cause made during the criminal proceedings negate any claim for malicious prosecution against him. See Legenzoff v. Steckel, 564 Fed. App'x 136, 147 (6th Cir. 2014); Peet v. City of Detroit, 502 F.3d 557, 566 (6th Cir. 2007); Hight v. Cox, 2013 WL 6096784, *10 (M.D. Tenn. Nov. 20, 2013) (Trauger, J.). While it is unfortunate that Plaintiff was held as a pre-trial detainee for a lengthy period of time prior to his acquittal, the Constitution does not guarantee that only the guilty will be arrested. Baker v. McCollan, 443 U.S. 137, 145, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

C. State Law Claims

Pursuant to 28 U.S.C. § 1367(c), the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Section 1367(c)(3) provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection(a) if --
> . . . .
> (3) the district court has dismissed all claims over which it has original jurisdiction,

Upon the dismissal of Plaintiff's federal claim brought under Section 1983, the Court no longer has original jurisdiction over Plaintiff's claims and the provisions of Section 1367(c) apply. The decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal claims is left to the broad discretion of the Court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-52, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); Musson Theatrical, Inc. v. Federal Express Corp., 89

F.3d 1244, 1254 (6th Cir. 1996). There is a "strong presumption" against the exercise of supplemental jurisdiction once all federal claims have been dismissed, Packard v. Farmers Inc. Co. of Columbus, 423 Fed.Appx. 580, 584 (6th Cir. 2011), and although not mandatory or absolute, the general rule is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are eliminated from a case before trial. Moon v. Harrison Piping Supply, 465 F.3d 719, 728 (6th Cir. 2006); Musson, 89 F.3d at 1254-55.

In considering whether to exercise supplemental jurisdiction over state law claims, the Court must consider the provisions of Section 1367(c) and the factors the United States Supreme Court outlined in Cohill, 484 U.S. at 350-51, and United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). These factors include judicial economy, convenience, fairness, and comity. Cohill, 484 U.S. at 350. In the instant action, the balance of factors weighs in favor of dismissal of Plaintiff's state law claims without prejudice so they can be pursued in the state courts if he so wishes. Comity favors permitting a Tennessee court to adjudicate the remaining state law claims. Further, this action is in the very early stages, with no discovery having taken place and two of the named Defendants having yet to even be served. Finally, Plaintiff will suffer no prejudice or unfairness by being required to litigate state law claims in a state court. See Parker v. Robertson, 34 F. Supp. 3d 859, 861 (M.D.Tenn. 2014).

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion to dismiss (Docket Entry No. 18) of Defendant Derry Baltimore be GRANTED and all claims brought under 42 U.S.C. § 1983 be DISMISSED WITH PREJUDICE; and

2) the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge